IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARCUS O. SINGLETON,

    Petitioner,

v.

SCOTT ECKSTEIN, Warden,
Green Bay Correctional Institution,

    Respondent.

ORDER

Case No. 17-cv-898-wmc

Petitioner Marcus O. Singleton, an inmate at Green Bay Correctional Institution, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order to show cause issued October 11, 2018, this court allowed petitioner to proceed on some of his claims and dismissed others. (Dkt. #13.) This order denies three motions filed by petitioner: (1) a motion for reconsideration (dkt. #28); (2) motion for denial of respondent's second time extension (dkt. #24); and (3) "Motion to Dismiss for 3rd Motion for Extension" (dkt. #30).

First, petitioner asks the court to reconsider its October 11, 2018, order dismissing his due process claims based on the victim's having allegedly deleted records of phone calls from petitioner from her phone's call log before turning her phone over to police for investigation. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale

disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Petitioner fails to present any evidence or argument warranting reconsideration of the order to show cause. Accordingly, his motion for reconsideration will be denied. However, when ruling on merits of the petition, the court will consider petitioner's allegations concerning the victim's deletion of his phone calls to the extent they are relevant to the claims on which he has been allowed to proceed.

Petitioner remaining motions will also be denied. Petitioner first objects to the court's order granting respondent's request to extend his deadline for answering the petition. (Dkt. #24.) The magistrate judge extended respondent's deadline to answer the petition twice: once for 30 days (dkt. #19), and then later for another 15 days (dkt. #23). The delays were warranted for the reasons set out in respondent's motions and were not unduly lengthy. Accordingly, the magistrate judge properly granted the extensions.

Petitioner next objects to what he characterizes as a third motion for extension granted to respondent. (Dkt. #30.) This motion relates to the respondent's filing of his brief in opposition on March 27, 2019. Contrary to petitioner's understanding, the

respondent did not seek an extension; instead, in accordance with the court's briefing schedule, he filed his opposition brief 30 days after the date petitioner's brief was due, had petitioner chosen to file one.  Although petitioner had filed responses to the respondent's answer on January 30, 2019 (dkt. ##26, 27), neither of those documents was labeled as a brief in support of the petition, so respondent's 30-day period for filing a brief in opposition was not triggered at that time.  Thus, respondent's brief was timely filed, and petitioner's motion to dismiss will be denied.

ORDER

IT IS ORDERED THAT petitioner Marcus Singleton's motions (dkt. ##24, 28, 30) are DENIED for the reasons stated in this order.

Entered this 23rd day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM CONLEY
District Judge